**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**ERICK DAVID MORALES PASCUAL,**

***Petitioner*,**

**v.**

**MARKWAYNE MULLIN, *et al.*,**

***Respondents*.**

**Civil No.: 1:26-cv-03130-JRR**

**ORDER**

Pending before the court is Petitioner Erick David Morales Pascual's Petition for Writ of Habeas Corpus. (ECF No. 1; the "Petition.") The court has considered all papers, including the parties' Joint Notice at ECF No. 5 in which they advise that they are content to submit on the papers currently before the court because the instant factual and legal issues do not materially differ from those previously addressed by this court in *Velasquez v. Noem*, No. GLR-25-cv-3215, 2025 WL 3003684 (D. Md. Oct. 27, 2025); *Villanueva Funes v. Noem*, No. 25-cv-3860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026); and *Leal-Hernandez v. Noem*, No. 1:25-CV-02428-JRR, 2025 WL 2430025, at *8 (D. Md. Aug. 24, 2025).

The record before the court indicates as follows: Petitioner is a native and citizen of Guatemala who entered the United States without inspection in or around 2003. (ECF No. 1 ¶¶ 1, 24.) On August 10, 2026, Immigration and Customs Enforcement ("ICE") officials apprehended and detained Petitioner and seemingly placed him in removal proceedings, which are ongoing. (ECF No. 1 ¶¶ 2, 24; ECF No. 5 ¶ 2.) Petitioner had not previously been arrested or apprehended by ICE. (ECF No. 1 ¶ 24.) Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is a noncitizen present in the United States without admission. (ECF No. 1 ¶ 24; ECF No. 5 ¶ 2.)

The court has recently addressed this issue and Respondents' arguments regarding same in *Castro Sosa v. Bondi*, 1:26-cv-00516-JRR (D. Md. 2026); *Souza v. Liggins*, 1:26-cv-00633-JRR (D. Md. 2026); *Hernandez Maldonado v. Liggins*, 1:26-cv-00455-JRR (D. Md. 2026); *Martinez Calderon v. Noem*, 8:26-cv-00085-JRR (D. Md. 2026); *Cedillo Del Cid v. Noem*, 8:26-cv-00350-JRR (D. Md. 2026); and *Tobar-Morales v. Bondi*, 1:25-cv-04108-JRR (D. Md. 2026). The court has also addressed the matter of the operative framework where a petitioner detainee had previously been released on a supervision order, including an order of release on recognizance, while in removal proceedings. *See, e.g.*, *Tohchaah v. Liggins*, 1:26-cv-00216-JRR (D. Md. 2026); *Condori Ortiz v. Liggins*, 1:26-cv-00267-JRR; and *Granados v. Liggins*, 1:25-cv-04083-JRR (D. Md. 2026). The court's analysis in those cases adopted the reasoning of other judges of this court on these same issues as seen in *Maldonado v. Baker*, No. CV 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), and *Velasquez v. Noem*, No. CV GLR-25-3215, 2025 WL 3003684 (D. Md. Oct. 27, 2025). Pursuant to its reasoning in those cases, the court ordered that Respondents were enjoined from detaining the petitioner pursuant to 8 U.S.C. § 1225(b)(2), and that Respondents were required to give the petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d).[1]

[1] The court is aware of the decisions of the Fifth and Eighth Circuits in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), in which both courts concluded that Respondents' position—that all noncitizens in the United States who have not lawfully been admitted are subject to mandatory detention under § 1225(b)(2)(A)—is correct. *Buenrostro-Mendez*, 166 F.4th at 498; *Avila*, 170 F.4th at 1134–38. These decisions are not binding on this court and, for the reasons set forth in the above-noted cases, the court respectfully disagrees with the analyses and holdings. Instead, this court's reasoning is in accord with the decisions of the Second, Seventh, Ninth, and Eleventh Circuits in their consideration of this issue, holding that the text of the two provisions does not support Respondents' position. *See Rodriguez Vazquez v. Bostock*, — F.4th —, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026).

Accordingly, here, where Respondents agree that Petitioner appears to raise the same issues and arguments this court has previously addressed in the above-noted matters, it is this 13th day of August 2026,

**ORDERED** that the Petition (ECF No. 1) shall be, and is hereby, **GRANTED** as to Count I (as to procedural due process) and as set forth herein, and is otherwise **DENIED as moot**. Specifically, the court finds that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b); and Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d). Therefore, Respondents shall be, and are hereby, **ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b) and from declining to provide Petitioner a bond hearing; and further it is

**ORDERED** that Petitioner **SHALL RECEIVE A BOND HEARING** before an Immigration Judge having jurisdiction or control over Petitioner's detention or having administrative control over Petitioner's immigration or removal case; such hearing shall be conducted pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d), and shall be conducted **within 10 days of the filing of a motion by Petitioner with the Immigration Court**; the bond hearing shall include a meaningful consideration of the applicable, relevant factors, and Petitioner must be present (in person or by video) and able to participate in the hearing; if a bond hearing is not held within 10 days of the filing of Petitioner's motion for same, Petitioner's counsel shall inform Respondents' counsel, and counsel shall jointly file a status report with the court; and further it is

**ORDERED** that the parties shall provide the court with a **JOINT STATUS REPORT** within 14 days of entry of this order; and further it is

**ORDERED** that the court shall **RETAIN** jurisdiction over this matter to enforce

compliance with this order.

/s/ ______________________________
Julie R. Rubin
United States District Judge